UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES – GENERAL

Case No. SACV 11-1681 DOC (ANx)                                         Date: May 16, 2012

Title: PROXYCONN INC. –V- CORPORATION, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                    None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is a Motion to Dismiss ("Motion") filed by Defendants Microsoft Corporation ("Microsoft"), Hewlett-Packard Company ("Hewlett-Packard"), Acer America Corporation ("Acer"), and Dell Inc. ("Dell"). (Dkt. 34). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court GRANTS the Motion.

**I.     Background**

The gravamen of the Consolidated Complaint filed by Plaintiff Proxyconn Inc. ("Plaintiff") is that each of four Defendants are directly and indirectly infringing Plaintiff's method patent.

**a.   The Court Consolidated Four Lawsuits**

Plaintiff filed four separate complaints against four individual Defendants Microsoft, Hewlett-Packard, Acer, and Dell. On January 3, 2012, the Court ordered all parties to show cause why these four cases should not be combined into one and stated that, if there were no objections, Plaintiff "shall file an Amended Complaint." *See* Order (Dkt. 9).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1681-DOC (ANx)            Date: March 16, 2012
                                                                                                                          Page 2

On January 17, 2012, the Court ordered that these four separate lawsuits be combined into one because no party objected to consolidation. *See* Order (Dkt. 14). As per the January 3, 2012, Order, Plaintiff filed an amended complaint against all four Defendants. *See* Consolidated Compl. (Dkt. 23).

### b. Allegations of Direct Patent Infringement

The Consolidated Complaint brings four "Counts" of infringement of U.S. Patent No. 6,757,717 ("'717 Patent"); one count against each Defendant. The '717 Patent is attached to the complaint.

Each count has virtually identical language, with the only difference being the substitution of a different Defendant's name and different allegedly infringing technology, described as "personal computers" or "computer systems." Each count alleges that the individual Defendant:

> . . . has been and still is directly . . . infringing at least claims 1, 10, 11 and 22 of the '717 patent . . . by making, using, selling, offering to sell, or importing, without license or authority, [infringing technology] . . . .

*See id.* ¶¶ 15-16 (Microsoft), 21-23 (Hewlett-Packard), 29-30 (Acer), 35-37 (Dell).

Each count alleges that each Defendant's infringing technology "include[s]" computers using a method; the method's description parrots the description of Plaintiff's method patent. *See id.* Ex. A. Specifically, each count alleges that Defendant's infringing technology:

> . . . include[s] a sender computer and a receiver computer communicating through a network, with each computer equipped with a method for creating digital digests on data and the receiving computer including a means for comparing digital digests.

Each count goes on to allege that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1681-DOC (ANx)            Date: March 16, 2012
                                                                                        Page 3

> In particular, these [infringing technologies] contain software including, but not limited to, the Remote Differential Compression ("RDC") technology used in at least Microsoft's Windows Server 2003 R2, Windows Server 2008, Windows Small Business Server 2003, Windows Small Business Server 2008, Windows Small Business Server 2011, Windows XP with Service Pack 3, Windows Vista, and Windows 7 operating systems.

*See id.* ¶¶ 14 (Microsoft), 21 (Hewlett-Packard), 28 (Acer), 35 (Dell).

### c. Allegations of Indirect Patent Infringement

Each count alleges that the individual Defendant:

> . . . has been and still is indirectly infringing, by way of inducing infringement by others of the '717 patent, by . . . making, using, importing, offering for sale, and/or selling, without license or authority, software for use in systems that thereby fall within the scope of at least claims 1, 10, 11 and 22 of the '717 patent.

*See id.* ¶¶ 15 (Microsoft), 22 (Hewlett-Packard), 29 (Acer), 36 (Dell).

Nearly verbatim allegations also follow each count alleging that the individual Defendant is "contributing to the infringement by others of the '717 patent . . . ." *See id.* ¶¶ 16 (Microsoft), 23 (Hewlett-Packard), 30 (Acer), 37 (Dell).

### d. Allegations of Knowledge of Indirect Patent Infringement

In addition, each count alleges that the individual Defendant "[s]ince at least the filing of the complaint, . . . has knowledge of the '717 patent and has had the specific knowledge that the combination of its software and computer systems described above infringe the '717 patent." *See id.* ¶¶ 15-16 (Microsoft), 22-23 (Hewlett-Packard), 29-30 (Acer), 36-37 (Dell).

### e. The Present Motion to Dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1681-DOC (ANx)                                              Date: March 16, 2012
                                                                              Page 4

All four Defendants filed the present Motion to Dismiss (Dkt. 34). While Acer, Dell, and Hewlett-Packard moved only as to the claims directed against their respective entities, Microsoft moved as to the claims directed against all four Defendants. Mot. at 2 n.2.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v.*

---

[1] A Rule 12(b)(6) motion raises a "purely procedural question" that is controlled by law of the circuit in which the federal court sits, not the law of the Federal Circuit. *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1681-DOC (ANx)                              Date: March 16, 2012

Page 5

---

*Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III.    Discussion

Defendants argue that dismissal under Rule 12(b)(6) is appropriate because Plaintiff fails to plead: (1) facts other than the threadbare recitation of Federal Rule of Civil Procedure Form 18, and such facts are necessary to put Defendants on notice of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1681-DOC (ANx)            Date: March 16, 2012
                                                                                Page 6

---

how their acts constitute direct infringement; and (2) Defendants' pre-suit knowledge of another's patent infringement, which is an element of the indirect infringement claim.

### a. Direct Infringement of Plaintiff's method patent

The parties dispute whether Plaintiff states a claim for direct infringement because Plaintiff parrots the language of Federal Rule of Civil Procedure Form 18. As this Court has previously noted, there is a split of authority on this issue. *See Acco Brands USA LLC v. Hewlett Packard Co.*, SACV 11-275 DOC MLGX, 2011 WL 2516514, *2 (C.D. Cal. June 23, 2011) (granting motion to dismiss because complaint did not describe which of defendant's numerous "products" were allegedly infringing).

Form 18 requires only the following: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by one or more of the activities proscribed under 35 U.S.C. § 271; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. *See* Fed. R. Civ. P. Form 18; *Guzik Technical Enterprises, Inc. v. W. Digital Corp.*, 11-CV-03786-PSG, 2011 WL 6013006, *2 (N.D. Cal. Dec. 2, 2011) (summarizing Form 18).

Federal Rule of Civil Procedure 84 provides that forms such as Form 18 "suffice" for purposes of a motion to dismiss. Fed. R. Civ. P. 84; *see* 12 Fed. Prac. & Proc. Civ. § 3162 (2d ed.). The Federal Circuit, applying Fifth Circuit law regarding Rule 12(b)(6), has held that a pro se plaintiff's patent infringement claim that echoed the five requirements in Form 18 "met the low bar for pro se litigants to avoid dismissal." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007) (citing predecessor Form 16).

The Court is persuaded by those authorities which hold that threadbare recitations of the language in Form 18 is no longer sufficient to state a claim. As those other courts eloquently explain, "the forms purporting to illustrate what level of pleading is required do not reflect the sea change of *Twombly* and *Iqbal*." *Tyco Fire Products LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 905 (E.D. Pa. 2011) (granting dismissal of "sparse pleading" that merely complied with Form 18). These courts reason that, "notwithstanding the suggestion in Form 18 that specificity is not necessary, most courts have, in the wake of *Twombly* and *Iqbal*, required some level of specificity." *Wistron Corp. v. Phillip M.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1681-DOC (ANx)            Date: March 16, 2012
                                                                        Page 7

---

*Adams & Associates, LLC*, C-10-4458 EMC, 2011 WL 4079231, *4 (N.D. Cal. Sept. 12, 2011).

     Furthermore, since *McZeal*, the Federal Circuit has recognized that "Form 18 is a sample pleading for patent infringement, but . . . was last updated before the Supreme Court's *Iqbal* decision." *Colida v. Nokia, Inc.*, 347 F. App'x 568, 571 (Fed. Cir. 2009). Given that the Federal Circuit itself recognizes that Form 18 may be inadequate, this Court "agrees with those courts that apply *Iqbal* and *Twombly*'s 'plausibility' standard to direct patent infringement actions." *Medsquire LLC v. Spring Med. Sys. Inc.*, 2:11-CV-04504-JHN, 2011 WL 4101093, *2-3 (C.D. Cal. Aug. 31, 2011).

     Applying *Iqbal* and *Twombly*, it is clear that Plaintiff's allegations are too conclusory when they merely allege that each Defendant is directly infringing "by making, using, selling, offering to sell, or importing" technology that infringes Plaintiff's method patent. *See* Consolidated Compl. ¶¶ 14 (Microsoft), 21 (Hewlett-Packard), 28 (Acer), 35 (Dell).

     According, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's direct infringement claims as to all Defendants.

### b.  Indirect Infringement

     Plaintiff concedes that it "can only specifically allege that Defendants had knowledge of the patent-in-suit as of the filing of the original complaint." Opp'n at 4 n.1. Thus, the dispute is whether a complaint fails to state a claim for indirect patent infringement where the *only* allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the same lawsuit establish the defendant's knowledge of the patent. There is a split of authority on this issue.

     Plaintiff brings both contributory patent infringement and induced patent infringement claims. Both claims require that defendant's conduct—inducing or contributing to another's infringement—occur *after* the defendant knew: (1) of patent-in-suit; and (2) that the direct-infringers' "acts constitute patent infringement." *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068, 179 L. Ed. 2d 1167 (2011) (interpreting "knowing" requirement for inducing infringement claim under 35 U.S.C. § 271(b)); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488, 84 S. Ct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1681-DOC (ANx)                                    Date: March 16, 2012
                                                                   Page 8

1526, 1533 (1964) (interpreting "knowing" requirement for contributory infringement under 35 U.S.C. § 271(c)); *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc); 2 Annotated Patent Digest § 10:44.

Plaintiff's argument requires this Court to bootstrap the knowledge Defendants *now* have based on Plaintiff's filing of the Complaint onto defendant's acts *before* Plaintiff filed its complaint. Yet, a defendant can not be held liable because it induced or contributed to another's acts *before* the defendant had knowledge, because to do so effectively holds a defendant liable for acts it did without knowledge. *See e.g. Insituform Technologies, Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 695, 48 U.S.P.Q.2d 1610 (Fed. Cir. 1998) (reversing a finding of liability for inducing infringement because liability could not be predicated on any acts that occurred prior to defendant having notice of the patent); *Cybiotronics, Ltd. v. Golden Source Electronics Ltd.*, 130 F. Supp. 2d 1152, 1165–66 (C.D. Cal. 2001) (granting summary judgment dismissing inducement and contributory infringement claim because there was no evidence that accused infringer knew of the patent prior to the lawsuit); *Zamora Radio, LLC v. Last.FM, Ltd.*, 2010 WL 5140678, *12 (S.D. Fla. 2010) (granting accused infringer summary judgment on inducing infringement claim because the accused infringer had no knowledge of the patent before the complaint was filed).

Furthermore, requiring a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit. Pre-litigation attempts at resolution are especially desirable in patent cases, which are often expensive and thus resolved by settlement. Indeed, Plaintiff could have notified Defendants of their alleged infringement and sought an amicable resolution at any time prior to filing this suit. Defendants should not be punished for Plaintiff's failure to do so.

For these reasons, the Court follows the authorities that hold that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *See Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (granting motion to dismiss indirect infringement claim because plaintiff alleged only the defendants had knowledge of the patent "at least since the date of the suit"); *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) (same); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, C 11-04049 JW, 2012 WL 1030031, *4 (N.D. Cal. Mar. 22, 2012) (granting motion to dismiss indirect

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1681-DOC (ANx)            Date: March 16, 2012
                                                                                Page 9

---

infringement claim because plaintiff "has not alleged any facts to suggest that Defendants . . . had knowledge of the '427 Patent prior to the filing of the Complaint."); *McRee v. Goldman*, 11-CV-00991-LHK, 2011 WL 4831199, *4-5 (N.D. Cal. Oct. 12, 2011) (granting motion to dismiss indirect infringement claim because the complaint "does not allege that [defendants] knew of Plaintiff's '269 Patent" at the time of the defendants' alleged acts of inducement, because allegations that "Plaintiff notified [defendants] of the suspected infringement" were insufficient); *cf. Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 892 (N.D. Cal. 2011) (granting motion to dismiss induced patent infringement claim because complaint "only alleged in conclusory terms that the defendants have received notice of the patents").

       Plaintiff cites cases that are unpersuasive because they are factually distinguishable.  For example, in *Trading Technologies*, the complaint alleged additional facts *other than the filing of the complaint* that established the defendants' knowledge. *See Trading Technologies Int'l, Inc. v. BCG Partners, Inc.*, 10 C 715, 2011 WL 3946581, *4 (N.D. Ill. Sept. 2, 2011) (denying motion to dismiss in part because complaint "alleges various other grounds from which the Court may infer actual knowledge of the patents at issue, including press coverage, previously filed litigation, consent judgments entered in companion cases").  In *Groupon*, the complaint alleged that the defendant had knowledge but did not specify when it was acquired; the courts reasoned that allegations without a time period were sufficient because a motion to dismiss requires all inferences to be drawn in the plaintiff's favor.  *See Groupon Inc. v. MobGob LLC*, 10 C 7456, 2011 WL 2111986 (N.D. Ill. May 25, 2011) (holding that it "is reasonable to infer that [defendant] had actual knowledge of [plaintiff's] public patent" and only stating in dicta that defendant "has such knowledge now and allegedly continues its activities").

       In addition, Plaintiff's cases are based on an incorrect understanding of the consequences of granting a motion to dismiss.  In *Trading Technologies*, the court denied the motion to dismiss because it feared that granting the motion would allow "a defendant . . . [to] avoid liability for an indirect infringement claim . . . simply because it happened to learn of the patent in connection with a lawsuit." *Trading Technologies Int'l, Inc. v. BCG Partners, Inc.*, 10 C 715, 2011 WL 3946581, *4 (N.D. Ill. Sept. 2, 2011).  This fear is completely unfounded.  In fact, nothing prevents a plaintiff from filing a new lawsuit alleging that the knowledge requirement is established because the Defendant is aware of the previous lawsuit.  Alternatively, Federal Rule of Civil Procedure 15(d) provides a procedure for pleading post-suit facts.  *See* Fed. R. Civ. P. 15 ("On motion and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1681-DOC (ANx)	Date: March 16, 2012
	Page 10

reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

Finally, the Court is not persuaded that, as some courts urge, "the interests of judicial economy" favor denying a motion to dismiss because "by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge." *See Walker Digital, LLC v. Facebook, Inc.*, CIV. 11-313-SLR, 2012 WL 1129370, *6 n.11 (D. Del. Apr. 4, 2012). Such a view gives too little weight to the judicial inefficiencies and parties' expenses in litigating potentially meritless claims. Indeed, denying a motion to dismiss could create a Kafkaesque scenario in which a defendant is entangled in senseless, expensive litigation. Imagine that a plaintiff files a claim for indirect infringement alleging that the complaint establishes the defendant's knowledge. The same day, the defendant ceases all activity. Yet, under Plaintiff's rule, the defendant could not succeed on a motion to dismiss because, even though the defendant only learned of the patent the day of the complaint, defendant's knowledge is bootstrapped onto its conduct prior to the complaint's filing. Only at summary judgment—after hundreds of thousands of dollars are wasted on discovery—could defendant finally prevail by showing that it *lacked knowledge at the time its acts of contribution or inducement occurred*.

In sum, the Court adopts the following rule: a complaint fails to state a claim for indirect patent infringement where the *only* allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the *same* lawsuit establish the defendant's knowledge of the patent. Thus, Plaintiff fails to state a claim for indirect infringement when it merely alleges that "[s]ince at least the filing of the complaint, [Defendant] has had knowledge of the '717 patent." *See* Consolidated Compl. ¶¶ 15, 22, 29, 36.

Because Plaintiff concedes that it can not allege Defendants' knowledge of the patent-in-suit prior to the filing of the original complaint in this lawsuit, the Court DISMISSES WITH PREJUDICE the indirect infringement claims against all four Defendants.

**II.	Disposition**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1681-DOC (ANx)                              Date: March 16, 2012
                                                              Page 11

      For the reasons stated above, the Court GRANTS Defendants' motion to dismiss. The Motion is GRANTED WITHOUT PREJUDICE as to Plaintiff's direct infringement claims and GRANTED WITH PREJUDICE as to Plaintiff's indirect infringement claims.

      Plaintiff shall file an amended complaint, if at all, by May 29, 2012.

MINUTES FORM 11
CIVIL-GEN                                                    Initials of Deputy Clerk: jcb